UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROMAINE NICHOLSON,

                          **COMPLAINT**

            Plaintiff,

      -against-                        **Demand for Trial by Jury**

COUNTY OF WESTCHESTER, WESTCHESTER
COUNTY POLICE DEPARTMENT,
JEFFREY SLOTOROFF, DAVID DIRIENZO,      Docket No.
PAUL OSTERMAN, CHRISTROPHER GUZICZEK,
CHRISTIAN GUTIERREZ, JAMES HUNT, JOEL
GREEN, NICHOLAS ZEBROWSKI, BRANDON
AMLUNG and JOHN or JANE DOE 1-10,

                  Defendants.

------------------------------------------------------------------------X

       Plaintiff, ROMAINE NICHOLSON, by and through the undersigned attorneys, Sim &

DePaola, LLP, for his complaint against the Defendants, COUNTY OF WESTCHESTER,

WESTCHESTER COUNTY POLICE DEPARTMENT, JEFFREY SLOTOROFF, DAVID

DIRIENZO, PAUL OSTERMAN, CHRISTROPHER GUZICZEK, CHRISTIAN GUTIERREZ,

JAMES HUNT, JOEL GREEN, NICHOLAS ZEBROWSKI, BRANDON AMLUNG and JOHN

or JANE DOE 1-10, individually and in their official capacities as police officers, John or Jane

Doe 1-10, alleges and states as follows:

**PRELIMINARY STATEMENT**

1.      This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1981, 1983,

1985, 1986 and 1988 for the violation of her civil rights protected by the Fourth, Sixth and

Fourteenth Amendments, in addition to violations of the Laws and Constitution of the State of

New York.

2.      These claims arise from a December 20, 2019 incident which occurred in New Rochelle New York, in which Defendants, acting under color of state law, unlawfully stopped, arrested and detained Plaintiff without a valid warrant, reasonable suspicion or probable cause to do so. Plaintiff was subsequently charged with Assault in the Second Degree, Resisting Arrest, Obstructing Governmental Administration in the Second Degree, Unlawful Possession of Marijuana, and other criminal acts. He is currently being maliciously prosecuted, on the above charges.

3.      The above referenced acts caused Plaintiff to be deprived of his liberty, denied his rights to due process and equal protection of the laws, as well as to sustain various physical and emotional injuries.

4.      Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION

5.      This action arises under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 and pursuant to the Laws and Constitution of the State of New York.

6.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

7.      Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claims occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8.      Plaintiff, ROMAINE NICHOLSON ("Plaintiff"), is an adult Black or African American male who resides in Jamaica, New York.

9.      At all times relevant herein, Defendant, County of Westchester ("Westchester"), is a municipal corporation duly organized and existing under the laws of the State of New York.

10.     At all times relevant herein, the Westchester County Police Department ("WCPD") is a wholly owned subsidiary that is further wholly operated, managed, maintained and controlled by Defendant Westchester.

11.     At all times relevant herein, Defendant Westchester, acting through its WCPD, was responsible for the policy, practice, supervision, implementation, and conduct of all WCPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all WCPD personnel, including police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

12.     At all times relevant herein, Defendant Westchester was responsible for enforcing the rules of the WCPD, and for ensuring that the WCPD personnel obey the laws of the United States and the State of New York.

13.     At all times relevant herein, Defendant, Jeffrey Slotoroff ("Slotoroff") was a police officer, police sergeant, supervisor or detective employed by the WCPD and as such was acting in the capacity of an agent, servant and employee of Defendant Westchester under Shield No. 3035 and Serial No. S1677.  Defendant Slotoroff is being sued in his individual and official capacities.

14.     At all times relevant herein, Defendant, David Dirienzo ("Dirienzo") was a police officer, police sergeant, supervisor or detective employed by the WCPD and as such was acting in the

capacity of an agent, servant and employee of Defendant Westchester under Shield No. 1055 and Serial No. D1662.  Defendant Dirienzo is being sued in his individual and official capacities.

15.     At all times relevant herein, Defendant, Paul Osterman ("Osterman") was a police officer, police sergeant, supervisor or detective employed by the WCPD and as such was acting in the capacity of an agent, servant and employee of Defendant Westchester under Shield No. 1141 and Serial No. O1609.  Defendant Osterman is being sued in his individual and official capacities.

16.     At all times relevant herein, Defendant, Christopher Guziczek ("Guziczek") was a police officer, police sergeant, supervisor or detective employed by the WCPD and as such was acting in the capacity of an agent, servant and employee of Defendant Westchester under Shield No. 1149 and Serial No. G1777.  Defendant Guziczek is being sued in his individual and official capacities.

17.     At all times relevant herein, Defendant, Christian Gutierrez ("Gutierrez") was a police officer, police sergeant, supervisor or detective employed by the WCPD and as such was acting in the capacity of an agent, servant and employee of Defendant Westchester under Shield No. 1057 and Serial No. G1254.  Defendant Gutierrez is being sued in his individual and official capacities.

18.     At all times relevant herein, Defendant, James Hunt ("Hunt") was a police officer, police sergeant, supervisor or detective employed by the WCPD and as such was acting in the capacity of an agent, servant and employee of Defendant Westchester under Shield No. 1144 and Serial No. H1876.  Defendant Hunt is being sued in his individual and official capacities.

19.     At all times relevant herein, Defendant, Joel Green ("Green") was a police officer, police sergeant, supervisor or detective employed by the WCPD and as such was acting in the capacity of an agent, servant and employee of Defendant Westchester under Shield No. 1041 and Serial No. G1253.  Defendant Green is being sued in his individual and official capacities.

20.     At all times relevant herein, Defendant, Nicholas Zembrowski ("Zembrowski") was a police officer, police sergeant, supervisor or detective employed by the WCPD and as such was acting in the capacity of an agent, servant and employee of Defendant Westchester under Shield No. 1026 and Serial No. Z1838.  Defendant Zembrowski is being sued in his individual and official capacities.

21.     At all times relevant herein, Defendant, Brandon Amlung ("Amlung") was a police officer, police sergeant, supervisor or detective employed by the WCPD and as such was acting in the capacity of an agent, servant and employee of Defendant Westchester under Shield No. 2088 and Serial No. A1613.  Defendant Amlung is being sued in his individual and official capacities.

22.     At all times relevant herein, Defendants, John or Jane Doe 1-10, were police officers, detectives, supervisors, policy makers and/or officials employed by the WCPD.  At this time, Plaintiff does not know the true names or serial numbers of John or Jane Doe 1-10, but believes such knowledge is within possession of the Defendants. The names John or Jane Doe 1-10 are fictitious and meant as placeholders for the WCPD officers who falsely arrested, maliciously prosecuted, and applied excessive force against Plaintiff including causing Plaintiff's dislocated shoulder, and who aided, abetted, acted in concert or conspired with the other Defendants to do the same.

23.     At all relevant times herein, Defendants John or Jane Doe 1-10, were acting as agents, servants and employees of the City of New York, the WCPD.  Defendants, John or Jane Doe 1-10, are being sued in their individual and official capacities.

24.     At all relevant times herein, Defendants, including John or Jane Doe 1-10, were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of New Rochelle, County of Westchester, and State of New York.

## FACTUAL CHARGES

25.     On or about December 20, 2019, at approximately 11:20 a.m., Plaintiff was lawfully driving his motor vehicle on the Hutchinson River Parkway Northbound in the vicinity of the North Avenue exit/ Exit 17 located in New Rochelle, New York.

26.     At all times herein mentioned, Plaintiff was in obeyance of all vehicle and traffic laws.

27.     At the above stated location, Plaintiff was illegally followed by Defendants including Slotoroff, who, while following Plaintiff's vehicle at an unsafely close distance, initiated a motor vehicle stop of Plaintiff's vehicle.  As Plaintiff went to pull over, Defendant Slotoroff's police car struck the rear of Plaintiff's car causing damage thereto.

28.     Defendant Slotoroff approached the driver's side door of Plaintiff's vehicle and began speaking with Plaintiff.  Plaintiff wexited his vegicke in order to examine the damage to his vehicle caused by Defendant Slotoroff and to exchange insurance information.

29.     Defendant Slotoroff then assaulted and battered Plaintiff by shoving him backward, punching him in the face, pulling and slamming him to the ground, before assuming a mounted position atop Plaintiff's prostrated body, choking him, by the neck and windpipe, and raining more blows upon Plaintiff.

30.     Defendants including Dirienzo, Osterman, Guziczek, Gutierrez, Hunt, Green, Zembrowski, Amlung and John or Jane Doe 1-10 arrived shortly thereafter and aided, abetted and acted in concert with Defendant Slotoroff's brutal and vicious assault of Plaintiff.

31.     Defendants, including Slotoroff, Dirienzo, Osterman, Guziczek, Gutierrez, Hunt, Green, Zembrowski, Amlung and John or Jane Doe 1-10 first applied handcuffs to Plaintiff's person in an excessively forceful and tight fashion, which caused him to suffer substantial pain and discomfort. While Plaintiff lay on the ground, face down, said Defendants intentionally and cruelly

jammed Plaintiff's already-secured arms backward causing a traumatic and painful dislocation of his a left shoulder.

32.     Defendants caused a Criminal Complaint to be filed with the District Attorney's office despite their complete knowledge that the information forming the bases for the criminal charges therein was completely fabricated, incomplete and misleading.

33.     Defendant Slotoroff falsely accused Plaintiff of assaulting him and injuring his knee, when it was Slotoroff's own use of that knee to strike, assault and batter the Plaintiff that caused said injury.

34.     Defendant Osterman falsely accused Plaintiff of assaulting his left hand when it was Osterman's own assault and battery of the *already-handcuffed* Plaintiff that caused the aforesaid left-hand injury.

35.     Defendants, Slotoroff, Dirienzo, Osterman, Guziczek, Gutierrez, Hunt, Green, Zembrowski, Amlung and John or Jane Doe 1-10, knowingly and intentionally gave false, misleading, or incomplete information to the District Attorney's Office, namely that they observed Plaintiff committing traffic infractions which led to the subject motor vehicle stop and that Plaintiff subsequently assaulted them.

36.     Defendants, including Slotoroff, Dirienzo, Osterman, Guziczek, Gutierrez, Hunt, Green, Zembrowski, Amlung and John or Jane Doe 1-10, were fully aware that plaintiff had not committed any crime or violation of the law but chose to state so anyway to justify their wrongful actions toward Plaintiff.

37.     Plaintiff, therefore, asserts that due to the clear absence of any viable probable cause to warrant his detention or prosecution, at any point, he was unlawfully detained, denied his right to fair trial and maliciously prosecuted from the moment he was stopped and viciously assaulted by

defendants including Slotoroff, Dirienzo, Osterman, Guziczek, Gutierrez, Hunt, Green, Zembrowski, Amlung and John or Jane Doe 1-10.

38.     Plaintiff was deprived of his liberty and freedom of movement after his criminal court arraignment, because he was compelled to personally appear in court to contest the false charges levied against him.

39.     At all times relevant hereto, the Defendants, including Slotoroff, Dirienzo, Osterman, Guziczek, Gutierrez, Hunt, Green, Zembrowski, Amlung and John or Jane Doe 1-10 were involved in the decision to arrest Plaintiff without probable cause, or failed to intervene when they observed others arresting Plaintiff without probable cause.

40.     Plaintiff asserts that the aforementioned unlawful acts committed by Defendants are representative of a pervasive policy, custom or pattern and practice within the County of Westchester and the WCPD.

41.     Defendants, including Slotoroff, Dirienzo, Osterman, Guziczek, Gutierrez, Hunt, Green, Zembrowski, Amlung and John or Jane Doe 1-10, unlawfully stopped, questioned, searched, seized, arrested, and maliciously prosecuted Plaintiff, due to Defendants' perception or consideration of Plaintiff's race, religion, or other improper characteristics.

42.     Defendants, including Slotoroff, Dirienzo, Osterman, Guziczek, Gutierrez, Hunt, Green, Zembrowski, Amlung and John or Jane Doe 1-10, possessed no valid reason, whatsoever, to approach, stop, assault, batter or arrest Plaintiff, which gives rise to the strong inference that their unlawful conduct towards Plaintiff was discriminatorily motivated and enacted upon.

43.     Defendants, including Slotoroff, Dirienzo, Osterman, Guziczek, Gutierrez, Hunt, Green, Zembrowski, Amlung and John or Jane Doe 1-10, subjected Plaintiff to disparate treatment

compared to other individuals similarly situated, because Defendants did not stop any white individuals, who were present and similarly situated to Plaintiff.

44.     Plaintiff asserts that the Defendants, including John or Jane Doe 1-10, who violated Plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the WCPD and the County of Westchester that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the WCPD and County of Westchester or, at the very least, conclusive evidence that the County and the WCPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact their police officers.

45.     The individually named Defendants herein, as well as other officers serving in the employ of the WCPD and County of Westchester, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the WCPD, the County of Westchester and their respective policymakers and supervisors.

46.     Upon information and belief, the WCPD, the County of Westchester, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the WCPD that resulted in Plaintiff's arrest without probable cause.

47.     Upon information and belief, the WCPD, the County of Westchester, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

48.     Defendants' actions, pursuant to Plaintiff's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of Plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the WCPD and the County of Westchester, as well as their deliberate indifference towards the rights of any individuals who may come into contact with Defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the WCPD and County of Westchester.

49.     Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the WCPD, County of Westchester and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of Defendants, the WCPD and County of Westchester.

50.     Upon information and belief, the personnel files, records and disciplinary histories of the officer Defendants will reveal a history of Constitutional violations indicative of defendant Westchester's knowledge that the individual officer Defendants were unfit for employment as WCPD officers, or for employment in general, and that the probability of the individually named Defendants committing similar violations in the future was extremely high.

51.     Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the County and the WCPD were fully aware of Defendants' past

constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the WCPD and County of Westchester failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to Defendant Westchester's tacit approval of such misconduct or the City's deliberate indifference towards the civil rights of those who may interact with its employees, including Slotoroff, Dirienzo, Osterman, Guziczek, Gutierrez, Hunt, Green, Zembrowski, Amlung and John or Jane Doe 1-10.

52.     Upon information and belief, the WCPD and Defendant Westchester have failed, or outright refused, to correct the individually named Defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct.

53.     The aforementioned acts of Defendants, including the Slotoroff, Dirienzo, Osterman, Guziczek, Gutierrez, Hunt, Green, Zembrowski, Amlung and John or Jane Doe 1-10, directly or proximately resulted in the deprivation or violation of Plaintiff's civil rights, as guaranteed and protected by the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of New York.

54.     As direct or proximate results of said acts, Plaintiff was caused to suffer the loss of his liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

**FIRST CAUSE OF ACTION**
Protected Speech or Activity Retaliation Claim Under
New York State Law

55.     The above paragraphs are here incorporated by reference as though fully set forth herein.

56.     Plaintiff engaged in speech and activities that were protected by Article I, Section 8, of the

New York State Constitution.

57.     Defendants committed impermissible or unlawful actions against Plaintiff that were

motivated or substantially caused by Plaintiff's constitutionally protected speech or activities.

58.     Defendants' retaliatory actions against Plaintiff resulted in the deprivation of his liberty

and the initiation of criminal charges against him.

59.     Defendants' retaliatory actions adversely affected Plaintiff's protected speech or activities

by physically or procedurally preventing him from further pursuing said protected speech or

activities or by chilling his desire to further participate or engage in such protected speech or

activities.

60.     Accordingly, Plaintiff's right to engage in protected speech and activities, guaranteed and

protected by Article I, Section 8, of the New York State Constitution, was violated by Defendants.

61.     Defendant Westchester, as employer of the individual Defendants, is responsible for their

wrongdoings, under the doctrine of *respondeat superior*.

62.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## SECOND CAUSE OF ACTION
First Amendment Retaliation Claim Under
42 U.S.C. § 1983 Against Individual Defendants

63.    The above paragraphs are here incorporated by reference as though fully set forth herein.

64.    Plaintiff engaged in speech and activities that were protected by the First Amendment to the United States Constitution.

65.    Defendants committed impermissible or unlawful actions against Plaintiff that were motivated or substantially caused by Plaintiff's constitutionally protected speech or activities.

66.    Defendants' retaliatory actions against Plaintiff resulted in the deprivation of his liberty and the initiation of criminal charges against him.

67.    Defendants' retaliatory actions adversely affected Plaintiff's protected speech or activities by physically or procedurally preventing him from further pursuing said protected speech or activities, or by chilling his desire to further participate or engage in such protected speech or activities.

68.    Accordingly, Plaintiff's right to engage in protected speech and activities, as guaranteed and protected by the First Amendment to the United States Constitution, was violated by Defendants.

69.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Unlawful Search and Seizure Under
New York State Law

70.    The above paragraphs are here incorporated by reference as though fully set forth herein.

71.    Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

72.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

73.     Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

74.     The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

75.     Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to Article I, Section 12, of the New York State Constitution and Article II, Section 8, of the New York Civil Rights Law.

76.     Defendant County of Westchester, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

77.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Unlawful Search and Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

78.     The above paragraphs are here incorporated by reference as though fully set forth herein.

79.     Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

80.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

81.     Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

82.     The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

83.     Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

84.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.


## FIFTH CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

85.     The above paragraphs are here incorporated by reference as though fully set forth herein.

86.     Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without a valid warrant or probable cause.

87.     Plaintiff was conscious of his confinement.

88.     Plaintiff did not consent to his confinement.

89.     Plaintiff's arrest and false imprisonment was not otherwise privileged.

90.     Defendant County of Westchester, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

91.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

92.     The above paragraphs are here incorporated by reference as though fully set forth herein.

93.     The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

94.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

95.     At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

96.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CAUSE OF ACTION**
Assault and Battery Under
New York State Law

97.     The above paragraphs are here incorporated by reference as though fully set forth herein.

98.     At all relevant times, Defendants caused Plaintiff to fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

99.     Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without privilege, consent or justification.

100.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages.

101.    Defendant Westchester, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

102.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CAUSE OF ACTION**
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

103.    The above paragraphs are here incorporated by reference as though fully set forth herein.

104.    The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent and without justification.

105.    Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent.

106.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

107.    The above paragraphs are here incorporated by reference as though fully set forth herein.

108.    Defendants initiated the prosecution against Plaintiff.

109.    Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution could succeed.

110.    Defendants acted with malice, which, in the absence of probable cause, may be inferred.

111.    The prosecution was terminated in Plaintiff's favor when all criminal charges were unconditionally dismissed and sealed.

112.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered significant damages.

113.    Defendant Westchester, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

114.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

115.    The above paragraphs are here incorporated by reference as though fully set forth herein.

116.    Defendants initiated the prosecution against Plaintiff.

117.    Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

118.    Defendants acted with malice, which, in the absence of probable cause, may be inferred.

119.    The prosecution was terminated in Plaintiff's favor when all criminal charges were unconditionally dismissed and sealed.

120.    Accordingly, Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights.

121.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

122.    The above paragraphs are here incorporated by reference as though fully set forth herein.

123.    Defendants arrested, detained and caused a criminal prosecution to be initiated or maintained against Plaintiff to compel the compliance or forbearance of some act.

124.    Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

125.    Defendants intended to inflict substantial harm upon Plaintiff.

126.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

127.    Defendant Westchester, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

128.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

129.    The above paragraphs are here incorporated by reference as though fully set forth herein.

130.    Defendants arrested, detained and caused a criminal prosecution to be initiated or maintained against Plaintiff to compel the compliance or forbearance of some act.

131.    Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

132.    Defendants intended to inflict substantial harm upon Plaintiff.

133.    Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

134.    Defendants' actions deprived Plaintiff of his constitutional rights to free from illegal searches and seizures and to not be deprived of his liberty without the due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

135.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

<u>**THIRTEENTH CAUSE OF ACTION**</u>
Denial of Right to Fair Trial Under
New York State Law

136.    The above paragraphs are here incorporated by reference as though fully set forth herein.

137.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

138.    Defendants forwarded said false information to prosecutors within the District Attorney's Office.

139.    Defendants' actions resulted in post-arraignment restrictions and deprivations upon Plaintiff's liberty and freedom of movement.

140.    Accordingly, Defendants deprived Plaintiff of his civil rights, pursuant to Article I, Sections 1, 2, 6 & 9, of the New York State Constitution, as well Article II, Sections 10 & 12, of the New York Civil Rights Law.

141.    Defendant Westchester, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

142.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTEENTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

143.     The above paragraphs are here incorporated by reference as though fully set forth herein.

144.     Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

145.     Defendants forwarded said false information to prosecutors within the District Attorney's Office.

146.     Defendants' actions resulted in post-arraignment restrictions and deprivations upon Plaintiff's liberty and freedom of movement.

147.     Accordingly, Defendants violated Plaintiff's right to fair trial, pursuant to the Fifth, Sixth and Fourteenth Amendments to United States Constitution.

148.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTEENTH CAUSE OF ACTION
Biased Based Profiling under
New York City Law

149.     The above paragraphs are here incorporated by reference as though fully set forth herein.

150.     Defendants impermissibly relied upon Plaintiff's actual or perceived race, color, national origin, ancestry, citizenship status, gender, religion, religious practice, age, disability or sexual orientation, as the determinative factor in initiating law enforcement action against Plaintiff, rather than Plaintiff's behavior or other information or circumstances that would link Plaintiff to suspected unlawful activity.

151.     Accordingly, Defendants violated Plaintiff's rights, pursuant to the Administrative Code of

the City of New York, Section 14-151

152.    Defendant Westchester, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

153.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTEENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
New York State law

154.    The above paragraphs are here incorporated by reference as though fully set forth herein.

155.    Plaintiff, as a Black or African American male, is a member of a racial minority and protected class.

156.    Defendants discriminated against Plaintiff on the basis of his race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation.

157.    Defendants also engaged in the selective treatment of Plaintiff, in comparison to others similarly situated.

158.    Defendants' discriminatory treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff for the exertion of his Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

159.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

160.    Defendants, motivated by discriminatory animus, applied facially neutral statutes with adverse effects against Plaintiff.

161.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

162.    Accordingly, Defendants violated Plaintiff's rights, pursuant to Article I, Section 11, of the

New York State Constitution, Article VII, Section 79-N, of the New York Civil Rights Law and Section 296, Paragraph 13, of the New York Human Rights Law.

163.    Defendant Westchester, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

164.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

<u>SEVENTEENTH CAUSE OF ACTION</u>
Deprivation of Rights and Denial of Equal Protection of the Laws under
42 U.S.C. §§ 1981 and 1983 Against Individual Defendants

165.    The above paragraphs are here incorporated by reference as though fully set forth herein.

166.    Plaintiff, as a Black or African American male, is a member of a racial minority and protected class.

167.    Defendants discriminated against Plaintiff on the basis of his race, color or ethnicity

168.    Defendants engaged in the selective treatment of Plaintiff in comparison to others similarly situated.

169.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff for the exertion of his Constitutional rights, or malicious or bad faith intent to injure Plaintiff.

170.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

171.    Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

172.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

173.    Accordingly, Defendants violated Plaintiff's rights, under the Fourteenth Amendment.

174.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTEENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy under
42 U.S.C. §§ 1983, 1985 and 1986 Against Individual Defendants

175.     The above paragraphs are here incorporated by reference as though fully set forth herein.

176.     Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of his rights to engage in protected speech or activities, to be free from unreasonable searches and seizures, to be afforded a fair trial, to not be deprived of his liberty or property without due process of law, or of the privileges and immunities under the laws and constitutions of the United States and of the State of New York.

177.     Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

178.     As a result, Plaintiff sustained injuries to his person, was deprived of his liberty or was deprived of rights or privileges of citizens of the United States.

179.     Defendants' conspiracy was motivated by a desire to deprive Plaintiff of his civil rights or because of some racial, otherwise class-based, invidious or discriminatory animus.

180.     The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be committed or in process of being committed, possessed the power to prevent or aid in the prevention of the conspiratorial objective, and neglected to do so.

181.     Accordingly, Defendants violated Plaintiff's rights, pursuant to the Fourth, Fifth, Sixth and/or Fourteenth Amendments to the United States Constitution.

182.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINETEENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

183.    The above paragraphs are here incorporated by reference as though fully set forth herein.

184.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

185.    Defendant Westchester, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

186.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWENTIETH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

187.    The above paragraphs are here incorporated by reference as though fully set forth herein.

188.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

189.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

190.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWENTY-FIRST CAUSE OF ACTION
Due Process/Fabrication of Evidence Claim Under
42 U.S.C. § 1983 Against Individual Defendants

191.    The above paragraphs are here incorporated by reference as though fully set forth herein.

192.    Those Defendants deliberately fabricated evidence against the Plaintiff and that as a result of this evidence being used against him, he was deprived of his constitutional right without due process of law.

193.    As a result, Plaintiff sustained injuries to his person, was deprived of his liberty or was deprived of rights or privileges of citizens of the United States.

194.    The Defendants fabricated evidence in order to support their false arrest, detention and prosecution of the Plaintiff.  The Defendants used this fabricated evidence and informed the prosecution that the fabricated evidence was true and accurate despite the fact that knew that the fabricated evidence was not true. As a result, the Plaintiff was deprived of his constitutional rights.

195.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TWENTY-SECOND CAUSE OF ACTION
Negligent Hiring, Training, Retention and Supervision Under
New York State Law

196.    The above paragraphs are here incorporated by reference as though fully set forth.

197.    Defendant Westchester owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee Defendants.

198.    Defendant Westchester breached those duties of care.

199.    Defendant Westchester placed Defendants in a position where they could inflict foreseeable harm.

200.    Defendant Westchester knew or reasonably should have known of its employees' propensity for committing civil rights violations.

201.    Defendant Westchester failed to take reasonable measures in hiring, training, retaining and supervising its employee Defendants that would have prevented the aforesaid injuries to Plaintiff.

202.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWENTY-THIRD CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

203.    The above paragraphs are here incorporated by reference as though fully set forth.

204.    Defendant Westchester maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such violative behavior.

205.    Defendant Westchester's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

206.    Defendant Westchester, its policymakers and supervisors failed to provide adequate training or supervision to their subordinates, to such an extent that is tantamount to the County's deliberate indifference toward the rights of those who may come into contact with Defendant Westchester's employees.

207.    Defendant Westchester's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by Defendant Westchester and its policymakers toward the rights of individuals, who may come into contact with Defendant Westchester's employees.

208.    Defendant Westchester's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

209.    Defendant Westchester's conduct caused Plaintiff to be deprived of his civil rights, as guaranteed by the Constitution of the United States, via the First, Fourth, Fifth, Sixth & Fourteenth Amendments thereto.

210.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)      Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)      Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

**e)**      Granting such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated: February 18, 2021

Respectfully submitted,

 S/ Xia Liu
Xia Liu, Esq.
Bar Number: 5722012
Sim & DePaola, LLP
*Attorneys for Mr. Nicholson*
4240 Bell Blvd - Ste 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
xliu@simdepaola.com